# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER DONNYIEL COLBERT, [AIS # 198769],  Plaintiff, v. JOHN HAMM, *et al.*,  Defendants. | Case No. 2:24-cv-00708-LCB-SGC |

**MEMORANDUM OPINION AND ORDER**

This is an action filed pursuant to 42 U.S.C. § 1983 by plaintiff Christopher Colbert, a *pro se* inmate residing at Donaldson Correctional Facility ("Donaldson"). (Doc. 1).[1] Colbert names as defendants Alabama Department of Corrections ("ADOC") Commissioner John Hamm, ADOC Assistant Commissioner Wendy Williams, Donaldson Warden Phyliss Morgan, Donaldson Warden Vencini Smith, Donaldson Warden Harris, Lieutenant Eads, Sergeant Michael Evans, and Correctional Officer Martin.

The complaint includes the following allegations. In May 2024, Colbert was stabbed in his cell by 4-8 other inmates. (Doc. 1 at 5). Another inmate who was also

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

stabbed during this attack accused Colbert of stabbing him; Colbert denies this. (*Id.* at 11). The following day, Colbert was served with a disciplinary sanction and ultimately sentenced to 30 days restriction with 45 days segregation. (*Id.* at 13). Colbert contends his disciplinary sanction is retaliation for testimony he gave in December 2023 in a lawsuit concerning prison conditions in Alabama brought against the State of Alabama by the United States Department of Justice. (*Id.* at 7).

Colbert seeks a preliminary order enjoining the defendants from (1) imposing arbitrary and capricious disciplinary infractions, (2) imposing illegal segregation restrictions, and (3) granting relief from excessive heat and non-exercise. (Doc. 3 at 22). He also seeks release from prison "due to three-judge panel" and any other relief to which he may be entitled. (*Id.*). In addition, he requested he be appointed counsel. (*Id.* at 3).

On February 12, 2025, the magistrate judge entered a report recommending this court deny Colbert's request for appointment of counsel because Colbert's claims are neither novel nor complex and so do not warrant appointment of counsel. (Doc. 9 at 4). She further recommended the court deny Colbert's request for preliminary injunctive relief because (1) contrary to the requirements of Federal Rule of Civil Procedure 65, Colbert neither certified that he attempted to notify the defendants of his request nor stated reasons why notice to the defendants should not be required; (2) Colbert did not demonstrate a substantial likelihood of success on

the merits because his request amounted to a broad instruction to the defendants to obey the law; (3) Colbert has no constitutional right or liberty interest to be housed in a particular institution or a certain section within that institution; (4) Colbert did not identify which defendant(s) harbored retaliatory intent toward him or knew of the substance of his deposition testimony; (5) Colbert was unlikely to succeed on the merits of his claims regarding heat and lack of exercise given controlling Eleventh Circuit precedent; and (6) the complaint indicates Colbert did not fully complete the administrative remedy process before filing this action. (*Id.* at 9-12).

In a separate order the same day, the magistrate judge also ordered Colbert to amend his complaint to include more details regarding his claims. (Doc. 8). The deadline to do so has expired, but Colbert has not amended his complaint or otherwise communicated with the court. Accordingly, on March 7, 2025, the magistrate judge entered a second report recommending this action be dismissed for failure to prosecute under Fed. R. Civ. P. 41. (Doc. 10).

After careful consideration of the record in this case and the magistrate judge's reports, the court **ADOPTS** the reports and **ACCEPTS** the recommendations. (Docs. 9, 10). Consistent with those recommendations, Colbert's motion for appointment of counsel and motion for a temporary restraining order and preliminary injunction are **DENIED**, (Doc. 3), and the case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**DONE** and **ORDERED** this March 27, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE